IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LISA SALINAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-3278 |
| ) | |
| JAMES R. POTTER and LONDRIGAN, ) | |
| POTTER & RANDLE, P.C., ) | |
| ) | |
| Defendants. ) | |

# OPINION

RICHARD MILLS, United States District Judge:

This is an action for professional negligence against the Defendants. Pending before the Court is the Motion to Dismiss [d/e 5] filed by Defendants James R. Potter and Londrigan, Potter & Randle, P.C.

Pending also is the Report and Recommendation [d/e 9] of United States Magistrate Judge Tom Schanzle-Haskins, wherein he recommended that the Defendants' motion be allowed and the complaint be dismissed. Plaintiff Lisa Salinas has filed an objection [d/e 10] to the report and recommendation. The Defendants have filed a response [d/e 11] to the objection.

I.

Plaintiff Lisa Salinas has filed a professional negligence claim against Defendant Londrigan, Potter & Randle, P.C. ("LPR"), and one of its attorneys, James R. Potter ("Potter") (collectively "Defendants"). The Plaintiff's claims derive from the Defendants' advice and representation of the Plaintiff in the matter of *In re The Estate of Randall Loveless*, in the Circuit Court for the Seventh Judicial Circuit, Macoupin County, Illinois (No. 99-P-8). In the Complaint, the Plaintiff contends that Defendants negligently failed to follow her directions and failed to take any action with respect to acceptance of an offer to purchase 187 acres of land in Macoupin County for $2.3 million made by ExxonMobil. The Plaintiff further asserts the Defendants had an ongoing conflict of interest which was never disclosed during their representation of the Estate.

The relevant facts are set out in detail in the report and recommendation. The Plaintiff contends that, if the Defendants had acted in a manner consistent with the appropriate standard of care, the offer made by ExxonMobil would have been accepted and the Plaintiff would have received 32.5% of the proceeds of that sale, pursuant to an Order of Distribution dated November 15, 2007. As a result, the Plaintiff would have received $747,500.00 from the sale of the Property.

The Defendants' motion to dismiss is based on the statute of limitations which, for attorney malpractice, is two years "from the time the person bringing the action knew or reasonably should have known of the injury for which the damages are sought."  735 ILCS 5/13-214.3.

The Plaintiff filed the initial complaint in this case on August 21, 2014.  The Defendants contend that the cause of action accrued in January 2009, when ExxonMobil withdrew the $2.3 million tender.  The Plaintiff claims it did not begin to run until August 22, 2012, when the Plaintiff discovered the Defendants' alleged conflict of interest.

The magistrate judge noted that under Illinois law, the discovery rule applies to claims for professional negligence and, therefore, the statute of limitations begins to run when a party knows or should reasonably know that an injury has occurred and that it was wrongfully caused.

Judge Schanzle-Haskins found that the Plaintiff knew the injury occurred in January 2009.  She knew the $2.3 million tender that she negotiated was above fair market value.  When the $2.3 million tender was withdrawn, the Plaintiff knew she was injured by the loss of the opportunity to sell her interest in the property at above market value.

The magistrate judge further found that the complaint suggests that in January 2009, the Plaintiff knew about some of the alleged wrongful conduct that caused her injuries. The Plaintiff knew that Potter and LPR failed to follow her objectives in securing the acceptance of the $2.3 million tender and failed to enforce the Plaintiff's brother Bruce Salinas's fiduciary duties as a co-trustee and co-executor to accept the $2.3 million tender. The report and recommendation states that, because the Plaintiff has alleged no facts that would plausibly show these alleged failings were unknown or hidden from her, she knew or reasonably should have known that the injury was wrongfully caused in January 2009. Accordingly, the magistrate judge found that the Plaintiff's claims were barred by the two-year statute of limitations.

The magistrate judge rejected the Plaintiff's argument that she did not know the injury was wrongfully caused until August 2012, when she discovered the simultaneous representation of herself and the Illinois Department of Natural Resources. This is because, based on the allegations in the complaint, the alleged conflict of interest was not the only wrongful cause of injury. These other alleged failures were discoverable in January 2009 and the subsequent discovery of the alleged conflict did not change her knowledge of the other alleged wrongful conduct. Accordingly, the magistrate judge found that the statute began to run in January 2009.

In her objection, the Plaintiff alleges the magistrate judge's recommendation

does not account for the distinction between an unfavorable outcome and the injury itself. Moreover, the discovery rule requires knowledge of the cause of injury in addition to knowledge of the injury itself. In other words, the Plaintiff must have knowledge that the unfavorable outcome was wrongfully caused. The Plaintiff cites *Hoffman v. Orthopedic Systems, Inc.*, 327 Ill. App.3d 1004 (1st. Dist. 2002) for this proposition, wherein the appellate court stated that "a person knows or reasonably should know an injury is wrongfully caused when he or she possesses sufficient information concerning an injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Id.* at 1011 (internal quotation marks omitted).

The Plaintiff contends it was the Defendants' conflicted representation that caused her injury. The conflicted representation was not discovered until August 22, 2012, at which point she began investigating a potential claim. The initiation of an investigation triggered the statute of limitations and not the injury. The Plaintiff alleges the statute could not have begun to run until she discovered the conflicted representation.

II.

As the magistrate judge found, however, the complaint itself suggests that Plaintiff knew of the injury much earlier than August 2012. Paragraph 21 provides:

> Salinas forwarded a copy of the ExxonMobil tender to Defendant Potter, and requested that he help execute legal actions necessary to get the property under contract by way of probate court and/or the other co-administrator.

The Plaintiff states, however, that Defendants took no action. She further alleges that she tried communicating with the Defendants "on many occasions" about accepting the ExxonMobil offer. Paragraph 24 of the Complaint states that the "Defendants took no action to accept the offer and failed to communicate with Salinas regarding her directions to them." The offer remained on the table until January 2009. The Complaint also states that Defendants did not discuss an actual or potential conflict of interest when they represented the Plaintiff.

The key date concerns when the "injured party knows or reasonably should know of the injury and knows or reasonably should know that the injury was wrongfully caused." *Khan v. Deutsche Bank AG*, 978 N.E.2d 1020, 1028-29 (IL 2012). "At that point, the burden is on the injured person to inquire further as to the possible existence of a cause of action." *Id.* at 1029. The Illinois Supreme Court

further observed that it has "never suggested the plaintiffs know the full extent of their injuries before the statute of limitations is triggered.  Rather, our cases adhere to the general rule that the limitations period commences when the plaintiff is injured, rather than when the plaintiff realizes the consequences of the injury or the full extent of her injuries."  *Id*. (internal quotation marks and citation omitted).

Based on the foregoing, the Court agrees that the Plaintiff had sufficient information no later than January 2009 regarding her alleged injury to inquire as to whether she had a potential claim.  Because the Plaintiff was on notice of some wrongful acts by January 2009, the Complaint had to be filed by January 2011.  Accordingly, the Complaint filed in August 2014 was untimely.

Ergo, the Court hereby ADOPTS the magistrate judge Report and Recommendation [d/e 9], wherein he recommended that the Motion to Dismiss be Allowed.

The Defendants' Motion to Dismiss [d/e 5] is ALLOWED.

The Clerk will enter Judgment in favor of the Defendants and terminate the case.

ENTER: September 12, 2016    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge